01

02

03

04

05

06                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
07                                      AT SEATTLE

08  JAMES PITNER,                         )      CASE NO. C05-1646-TSZ-MAT
                                          )
09           Petitioner,                  )
                                          )
10      v.                                )
                                          )      REPORT AND RECOMMENDATION
11  ALICE PAYNE,                          )
                                          )
12           Respondent.                  )
    _____      )

13

14                                  INTRODUCTION

15          Petitioner is a Washington state prisoner who is serving a 102-month sentence for second

16  degree rape of a child.  Petitioner has filed a *pro se* petition for a writ of habeas corpus pursuant

17  to 28 U.S.C. § 2254, contending chiefly that his retrial after an initial mistrial violated the Double

18  Jeopardy Clause of the U.S. Constitution.  After considering the petition, respondent's answer,

19  petitioner's response, and the balance of the record, the court recommends that the petition be

20  denied with prejudice.

21                                  BACKGROUND

22          The Washington Court of Appeals summarized the facts in petitioner's case as follows:

    REPORT AND RECOMMENDATION
    PAGE -1

The State charged James Pitner with rape of a child in the second degree for conduct involving his 13-year-old daughter, D.P.  Pitner filed a motion in limine to prevent the State from admitting evidence that he had been charged and acquitted in 1991 and 1999 with child sex offenses not involving D.P.  The State agreed to the motion, and the trial court granted it.

During the trial, the defense called Candy Ashbrook, a child interview specialist who interviewed D.P., to testify for the purpose of impeaching D.P.'s testimony.  Following Ashbrook's interview with D.P., she generated an 11-page report in a question and answer format.  During Ashbrook's testimony, she repeatedly testified from her report by reading directly from it.  In cross-examining Ashbrook, the prosecutor instructed Ashbrook to read from her interview transcript, which included a statement referencing Pitner's past charges.  The prosecutor asked Ashbrook the following questions:

Q:  And going to page six. Okay, counsel elicited from you that you asked the question, "Has anything else happened with your dad?"

A:  Yes.

Q:  And [D.P.'s] response was, "No, it always happened on a Sunday night always when Carolyn's gone, when she's at work."  Correct?

A:  Yes.

Q:  And then you asked, "how [l]ong have your dad and Carolyn been together?"

A:  Yes.

Q:  And her response was, "Four years. Anyway – " and can you read from there starting with the "four years" response, what was her response?

A:  "Anyway, there was one time when he was giving me a massage, it was one of the first nights after I moved in there in April on a Sunday. He was giving me a back rub, and he had my shirt off, and the light was off, so he said that he wouldn't be able to see me, so he turned the light off, and he asked if I wanted him to rub my legs, and I said no, and he said why – " do you want me to continue?

Q:  Please.

A:  Okay. "Why, are you afraid I'll rape you? Because he said people accused him of raping – "

REPORT AND RECOMMENDATION
PAGE -2

01        Pitner immediately objected and requested a mistrial because of the in limine violation.  The court granted the motion.

02

03        Pitner then moved to dismiss the case, arguing retrial would violate his right against double jeopardy because the prosecutor's conduct was intentional.  The court denied the motion, finding that although the prosecutor's conduct was negligent, it

04    was not intentional.  The court also denied his motion that a second trial would violate his right to a speedy trial.  Pitner was retried and convicted as charged.  This

05    appeal followed.

06 *State of Washington v. Pitner* , 118 Wash. App. 1073 (2004), 2003 WL 22384092 (footnotes

07 omitted) (Filed as part of State Court Record, Doc. #11, Ex. 10).

08        Petitioner appealed to the Washington Court of Appeals.  The court affirmed petitioner's

09 conviction in an unpublished opinion.  (Doc. #11, Ex. 10).  Petitioner sought review by the

10 Washington Supreme Court.  The court denied review.  (*Id.*, Ex. 14).

11        On October 4, 2005, petitioner filed the instant petition for a writ of habeas corpus under

12 28 U.S.C. § 2254.  (Doc. #4).  Respondent filed an answer, along with the state court record, on

13 November 23, 2005.  (Doc. #9).  After receiving one extension of time, petitioner filed a response

14 to the answer on March 1, 2006.  (Doc. #15).  The matter is now ready for review.

15 <u>GROUNDS FOR RELIEF</u>

16    Petitioner sets forth the following grounds for relief in his habeas petition:

17    1.    Violation of Fifth Amendment Double Jeopardy Clause of the United States Constitution following mistrial.

18

19    2.    Violation of Sixth Amendment right to a Speedy Trial.

20 (Doc. #4 at 6-7).

21 / / /

22 / / /

REPORT AND RECOMMENDATION
PAGE -3

01

DISCUSSION

02

Standard of Review

03        Under the Anti-Terrorism and Effective Death Penalty Act, a habeas corpus petition may

04 be granted with respect to any claim adjudicated on the merits in state court only if the state

05 court's adjudication is *contrary to*, or involved an *unreasonable application* of, clearly established

06 federal law, as determined by the Supreme Court.  28 U.S.C. § 2254(d) (emphasis added).

07        Under the "contrary to" clause, a federal habeas court may grant the writ only if the state

08 court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law,

09 or if the state court decides a case differently than the Supreme Court has on a set of materially

10 indistinguishable facts. *See Williams v. Taylor*, 529 U.S. 362 (2000).  Under the "unreasonable

11 application" clause, a federal habeas court may grant the writ only if the state court identifies the

12 correct governing legal principle from the Supreme Court's decisions but unreasonably applies that

13 principle to the facts of the prisoner's case. *Id.*  In addition, a habeas corpus petition may be

14 granted if the state court decision was based on an unreasonable determination of the facts in light

15 of the evidence presented.  28 U.S.C. § 2254(d)

16        In *Lockyer v. Andrade,* 538 U.S. 63 (2003), the Supreme Court examined the meaning of

17 the phrase "unreasonable application of law" and corrected an earlier interpretation by the Ninth

18 Circuit which had equated the term with the phrase "clear error."  The Court explained:

19        These two standards, however, are not the same.  *The gloss of clear error*
*fails to give proper deference to state courts by conflating error (even clear error)*
20  *with unreasonableness.  It is not enough that a federal habeas court, in its*
*"independent review of the legal question" is left with a "firm conviction" that the*
21  *state court was "erroneous."* . . . [A] federal habeas court may not issue the writ
simply because that court concludes in its independent judgment that the relevant
22  state-court decision applied clearly established federal law erroneously or incorrectly.

REPORT AND RECOMMENDATION
PAGE -4

Case 2:05-cv-01646-TSZ   Document 16   Filed 03/29/06   Page 5 of 9

01    Rather, that application must be objectively unreasonable.

02 538 U.S. at 68-69 (emphasis added; citations omitted).  Thus, the Supreme Court has directed

03 lower federal courts reviewing habeas petitions to be extremely deferential to decisions by state

04 courts.  *See Hall v. Director of Corrections*, 343 F.3d 976, 986 (9th Cir. 2003) (Tallman, J.,

05 dissenting).  A state court's decision may be overturned only if the application is "objectively

06 unreasonable."  538 U.S. at 69.

07        1.  Petitioner's First Ground for Relief: Violation of Double Jeopardy Clause

08        Petitioner first contends that his second trial, following an initial mistrial, violated the

09 Double Jeopardy Clause of the Constitution.  The Double Jeopardy Clause dictates that no person

10 may be "twice put in jeopardy of life or limb" for the same offense.  U.S. Const. Amend. V.[1]  The

11 Clause protects a defendant against multiple punishments or repeated prosecutions for the same

12 offense.  *See United States v. Dinitz*, 424 U.S. 600, 606 (1976).

13        If, however, a second trial is the result of a mistrial that was requested by defendant, the

14 Double Jeopardy Clause does not ordinarily apply.  *See United States v. Tateo*, 377 U.S. 463, 467

15 (1964).  Courts have reasoned that by seeking a mistrial, the defendant has waived his right to a

16 verdict by that jury and thereby subjects himself to a second trial.  *Id.*  But in cases where the

17 mistrial was the result of purposeful conduct by the prosecutor intended to goad the defendant into

18 moving for a mistrial, courts have held that the Double Jeopardy Clause is implicated and a

19 subsequent retrial may be barred.  *See Oregon v. Kennedy*, 456 U.S. 667, 673-76 (1982).  The

20 ─────────────────────

21        [1] The Double Jeopardy Clause applies to state prosecutions through the due process clause
   of the Fourteenth Amendment.  *See Benton v. Maryland*, 395 U.S. 784, 794 (1969), *overruled
22 on other grounds, Payne v. Tennessee*, 501 U.S. 808 (1991).

REPORT AND RECOMMENDATION
PAGE -5

01 focus in such an inquiry is on the prosecutor's intent in causing the mistrial, which may be inferred

02 from objective facts. *Id.*

03        Petitioner contends here, as he did in his state court appeal, that the prosecutor

04 intentionally caused the mistrial at his first trial, and that his second trial was therefore a violation

05 of the Double Jeopardy Clause.  However, as the state court reasonably found, the record does

06 not support an inference that the prosecutor intended to provoke a mistrial:

07            First, the State had no reason to induce a mistrial.  It agreed with the
      defendant's pretrial motion to exclude evidence and references to his prior charges,
08    and the case had not been going badly or unexpectedly against the State.  Second,
      there was no indication that a second trial would have been advantageous to the State.
09    Third, the evidence [leading to the mistrial] came out on cross-examination, rather
      than on direct with a witness prepared by the State.  Fourth, the circumstances of the
10    conduct were consistent with the prosecutor's explanation that she had not read far
      enough ahead in the witness' transcript to realize that inadmissible evidence was what
11    the witness would refer to next. . . . Fifth, the State did not seek to admit any other
      inadmissible evidence during the trial, and it had avoided references to the excluded
12    evidence even though some witnesses were aware of it.

13 (Doc. #11, Ex. 10 at 4).

14        Petitioner offers nothing to challenge these reasons in favor of finding that the mistrial was

15 unintentional.  His response to respondent's answer simply contends, without support, that the

16 state court "refused to provide him with an opportunity to prove" that the mistrial was intentional.[2]

17 (Doc. #15 at 2).  Therefore, he has not shown the state court decision to be contrary to, nor an

18 unreasonable application of, clearly established federal law, and his first ground for relief should

19 be denied.

20 _____

21        [2] Petitioner's cryptic statement may be referring to the grounds that he raised in a *pro se*
      brief that he filed in his state court appeal.  (Doc. #11, Ex. 7).  However, the state court did
22    address these additional grounds in the opinion affirming petitioner's conviction.  (*Id.*, Ex. 10 at
      6-7).  The court found the grounds meritless.  (*Id.*)

REPORT AND RECOMMENDATION
PAGE -6

01      2. Petitioner's Second Ground for Relief: Violation of Right to a Speedy Trial

02      Petitioner's second ground for relief is based upon his Sixth Amendment right to a speedy

03 trial.  Petitioner appears to contend that the gap between the end of his first trial and the start of

04 his second trial – a period of approximately 120 days – violated this right.  (Doc. #4 at 7).

05      Respondent argues in response that petitioner failed to present this claim as a constitutional

06 claim to the Washington Supreme Court and that the claim is now procedurally barred.  (Doc. #9

07 at 6-8).  As a result, respondent asserts that the claim is not cognizable on habeas review.

08      In order to present a claim to a federal court for review in a habeas corpus petition, a

09 petitioner must first have presented that claim to the state court.   *See* 28 U.S.C. § 2254(b)(1).

10 This "exhaustion requirement" has long been recognized as "one of the pillars of federal habeas

11 corpus jurisprudence." *Calderon v. United States Dist. Ct. (Taylor)*, 134 F.3d 981, 984 (9th Cir.,

12 1998) (citations omitted).  Underlying the exhaustion requirement is the principle that, as a matter

13 of comity, state courts must be afforded "the first opportunity to remedy a constitutional

14 violation." *Sweet v. Cupp*, 640 F.2d 233, 236 (9th Cir. 1981).

15      In addition, a petitioner must not only present the state court with the *first* opportunity to

16 remedy a constitutional violation, but a petitioner must also afford the state courts a *fair*

17 opportunity.  *Picard v. Connor*, 404 U.S. 270 (1971); *Anderson v. Harless*, 459 U.S. 4 (1982).

18 It is not enough that all the facts necessary to support the federal claim were before the state

19 courts or that a somewhat similar state law claim was made. *Harless*, 459 U.S. at 6.  "[A] claim

20 for relief in habeas corpus must include reference to a specific federal constitutional guarantee, as

21 well as a statement of the facts that entitle the petitioner to relief."  *Gray v. Netherland*, 518 U.S.

22 152, 162-63 (1996).

REPORT AND RECOMMENDATION
PAGE -7

01          Finally, a petitioner must raise in the state court all claims that can be raised there, even

02   if the state court's review of such claims is purely discretionary.  *See O'Sullivan v. Boerkel*, 526

03   U.S. 838, 841-47 (1999).  In other words, a petitioner must invoke one complete round of a

04   state's established appellate review process, including discretionary review in a state court of last

05   resort, before presenting their claims to a federal court in a habeas petition.  *Id.* at 842-44.  Thus,

06   in Washington state, a petitioner must seek discretionary review of a claim by the Washington

07   Supreme Court in order to properly exhaust the claim and later present it in federal court for

08   habeas review.

09          After reviewing the state court record, the court finds that petitioner did not present his

10   speedy trial claim as a federal claim when he filed his petition for review with the Washington

11   Supreme Court. (Doc. #11, #x. 13 at 12).  In the petition for review, petitioner merely argued that

12   the delay violated his rights under state rule of criminal procedure CrR 3.3.  (*Id.*)  Consequently,

13   petitioner failed to properly exhaust this claim.  In addition, because more than one year has

14   passed since his conviction became final, petitioner is now procedurally barred by state statute

15   from raising this claim in state court.  *See* RCW 10.73.090.

16          When, as here, a petitioner has procedurally defaulted on a claim in state court, the

17   petitioner "may excuse the default and obtain federal review of his constitutional claims only by

18   showing cause and prejudice, or by demonstrating that the failure to consider the claims will result

19   in a 'fundamental miscarriage of justice.'"  *See Noltie v. Peterson,* 9 F.3d 802, 806 (9th Cir. 1993)

20   (citing *Coleman v. Thompson,* 501 U.S. 722 (1991)).  Petitioner has failed to show, or even argue,

21   / / /

22   / / /

REPORT AND RECOMMENDATION
PAGE -8

01  that "cause and prejudice" exist excusing his default on the unexhausted claim.[3]  Nor has he shown

02  that failure to consider the claims will result in a miscarriage of justice.  Accordingly, petitioner's

03  second ground for relief is barred from federal habeas review and should be denied.

04                                              <u>CONCLUSION</u>

05          For the foregoing reasons, petitioner's petition for a writ of habeas corpus should be

06  denied with prejudice.  A proposed Order reflecting this recommendation is attached.

07          DATED this  29th  day of  March , 2006.

08

09                                              Mary Alice Theiler
                                                United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

          _____
          [3] In fact, it appears that petitioner may have abandoned his second ground for relief.  In

21   his response to respondent's answer, petitioner does not mention the speedy trial claim and
     affirmatively states: "This habeas case involves one issue: whether retrial of [petitioner] violated

22   [the] Double Jeopardy Clause."  (Doc. #15 at 1).

REPORT AND RECOMMENDATION
PAGE -9